**UNITED STATES of America,**

v.

**Michael BETTIS, Appellant.**

**Nos. 03–1803, 03–2533.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 26, 2004.

Decided Feb. 6, 2004.

John J. Pease, III, Office of United States Attorney, Philadelphia, PA, for Appellee.

Elizabeth T. Hey, Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before NYGAARD, FUENTES, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Michael Bettis argues that the District Court erred by adding a twenty-four month period of supervised release to a sentence that the Court had already entered two months earlier. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The Government concedes that the District Court's *sua sponte* action was error and we agree.

The facts of this case are well known to the parties and are not in dispute. On March 17, 2003, the District Court entered an order sentencing Bettis to twelve months imprisonment for violating the terms of his supervised release. On March 20, 2003, Bettis appealed this order.

On May 12, 2003, the District Court, *sua sponte*, issued a second order imposing a period of twenty-four months of supervised release on Bettis after the conclusion of his twelve-month sentence. This order was intended to "clarify" the March 17th order. (App. at 6a.) Bettis appealed this second order, and we consolidated it with his prior appeal.

The Government correctly concedes that the District Court's May 12th order cannot be considered the correction of a clear error made within seven days after sentencing, as is allowed under Federal Rule of Criminal Procedure 35(a). The Government also correctly concedes that the District Court's imposition of this additional term of supervised release is not the correction of a clerical error under Federal Rule of Civil Procedure 36. Accordingly, as the Government also concedes, the District Court lacked jurisdiction to add additional penalties to Bettis' original sentence more than two months after that sentence was imposed. *See, e.g., United States v. Fraley,* 988 F.2d 4, 7 (4th Cir.1993).

We will vacate the District Court's May 12, 2003 order.